WATSON ROUNDS
MATTHEW D. FRANCIS
Nevada Bar No. 6978
ARTHUR A. ZORIO
State Bar No. 6547
5371 Kietzke Lane
Reno, NV 89511
Telephone: (775) 324-4100
Facsimile: (775) 333-8171
Email: mfrancis@watsonrounds.com
Email: azorio@watsonrounds.com

Attorneys for Plaintiff

```
✓ FILED          ___ RECEIVED
___ ENTERED      ___ SERVED ON
                 COUNSEL/PARTIES OF RECORD

          DEC - 2 2014

      CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL STEWART, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SOUNDMATTERS INTERNATIONAL, INC., a Delaware corporation; SOUNDMATTERS ASIA, INC., a Nevada corporation; GODEHARD GUENTHER, an individual,<br><br>Defendants. | Case No.: 3:14-CV-00239-LRH-VPC<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and with the consent of the parties to this action, IT IS HEREBY ORDERED:

1.  All documents, materials, items, and/or information which are designated as confidential under the terms of this Protective Order, and contain or comprise confidential and sensitive research, development or commercial information produced either by a party or by a non-party shall be governed by this Protective Order.

2.  Any information produced by any party or non-party as part of discovery in this action may be designated by any party or the producing non-party as (1) "Confidential" or (2) "Confidential-Attorneys' Eyes Only." As a general guideline, materials designated "Confidential" shall be those confidential and sensitive things that may be disclosed to the parties for the purpose of the litigation, but which must be protected against disclosure to third parties.

1  As a general guideline, materials designated "Confidential-Attorney's Eyes Only" shall be those
2  confidential and sensitive things of a financial, commercial, proprietary or technical nature which
3  might be of value to others, and which must be protected from disclosure to the opposing
4  party(ies) and/or third parties. Absent a specific order by this Court, or written permission from
5  the designating party, information designated as "Confidential" or "Confidential-Attorney's Eyes
6  Only" shall be used solely in connection with this litigation, and not for any other purpose,
7  including, but not limited to, business, competitive, or governmental purpose or function, and
8  such information shall not be disclosed to anyone except as provided herein.
9          3.      Any person receiving such materials designated as "Confidential" or
10 "Confidential-Attorneys' Eyes Only" shall restrict its disclosure to persons authorized to receive
11 the materials designated as "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to
12 this Order. A "Confidential" or "Confidential-Attorneys' Eyes Only" designation is applicable
13 to all copies and reproductions of such materials. Nothing herein shall be deemed to restrict the
14 right of the producing party to use its own materials that it has designated as "Confidential" or
15 "Confidential-Attorneys' Eyes Only" as it chooses. Nothing in this Order requires a party to
16 produce materials the party believes are privileged or otherwise non-discoverable. By entering
17 into this Order, the parties do not waive any right to object to any discovery request, to the
18 admission of evidence on any ground, to seek further protective order, or to seek relief from the
19 Court from any provision of this Order.
20         4.      Any party or non-party wishing to come within the provisions of this Protective
21 Order shall designate, in writing, the documents, information, or portions thereof which he, she
22 or it considers confidential at the time such documents are produced or such information is
23 disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the
24 nature of the information or materials disclosed and sought to be protected hereunder. In the
25 instance of documents, the items produced must be marked "Confidential" or "Confidential-
26 Attorneys' Eyes Only" by the producing party or non-party. In the instance of depositions,
27 counsel may, in the record of the deposition, designate the transcript or portion thereof as
28 "Confidential" or "Confidential-Attorneys' Eyes Only," and only the parties identified in

1  paragraphs 6 (as to portions of the deposition marked "Confidential") and 7 (as to portions of the
2  deposition marked "Confidential-Attorneys' Eyes Only") may then be present in the deposition.
3  The witness under deposition or his/her counsel may invoke the provisions of this Protective
4  Order in a timely manner, giving adequate warning to counsel for the party or non-party that
5  testimony about to be given is deemed "Confidential" or "Confidential-Attorneys' Eyes Only."
6  The designations should be made on the record whenever possible, but a party may designate
7  portions of a deposition either "Confidential" or "Confidential-Attorney's Eyes Only" provided
8  written notice of such designation is given to each party no later than (10) ten days following
9  receipt of the deposition transcript.
10         5.     Compliance with the terms of this Order, production or receipt of materials
11 designated "Confidential" or "Confidential/Attorneys' Eyes Only", and/or allowing materials to
12 be designated "Confidential" or "Confidential/Attorneys' Eyes Only" shall not in any way
13 operate as an admission that any particular materials are "Confidential" or "Confidential-
14 Attorneys' Eyes Only".  Failure to challenge the designation of materials as "Confidential" or
15 "Confidential-Attorneys' Eyes Only" does not preclude a subsequent challenge.  The designation
16 of materials as "Confidential" or "Confidential-Attorneys' Eyes Only" does not create a
17 presumption in favor of or against that designation.
18         6.     Documents, deposition testimony, or answers to interrogatories stamped
19 "Confidential," or copies or extracts therefrom, and compilations and summaries thereof, and the
20 information therein, may be given, shown, made available to, or communicated in any way only
21 to (a) the Court (including, but not limited to, the presiding judge, clerks, and court staff), (b)
22 counsel for the respective parties (including office associates, paralegals, stenographic and
23 clerical employees), (c) the parties to this action and their representatives, (d) electronic imaging
24 and/or computer litigation support personnel retained by one or more of the parties in this
25 litigation or by the parties' counsel, (e) outside photocopying services, graphic production
26 services, or litigation support services employed by the parties or their counsel to assist in this
27 litigation, and computer personnel performing duties in relation to a computerized litigation
28 system, (f) experts and consultants (including their employees, associates, and/or support staff)

as defined in Paragraph 8, and (g) any other person to whom the producing party agrees in writing. Materials designated "Confidential" that are accessed by experts or consultants shall be limited to documents that the experts or consultants reasonably need to review in their roles as experts or consultants. The parties shall inform each person to whom they disclose or give access to the other party's materials designated "Confidential" of the terms of this Order, as well as the obligation to comply with its terms.

7. Documents, deposition testimony, or answers to interrogatories stamped "Confidential-Attorneys' Eyes Only" or copies or extracts therefrom, and summaries and compilations thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to (a) the Court (including, but not limited to, the presiding judge, clerks, and court staff); (b) counsel for the parties in this action and those of their staff to whom it is necessary that the materials be shown for the purposes of this litigation; (c) experts and consultants.

8. For purposes of this Order, an expert or consultant shall be defined as a person who is not an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part-time, by or at the direction of counsel for a party.

9. The procedure for having a consultant approved for access to information designated "Confidential-Attorneys' Eyes Only" shall be as follows:

(a) The party seeking to have a consultant, as defined in Paragraph 86 hereof, approved shall provide the producing party with:

    i) the name of the designated person;

    ii) the present employer and title of said designated person;

    iii) a resume or curriculum vitae of said designated person;

    iv) a written acknowledgment, in the form of Attachment A hereto, signed by the designated person for whom approval is sought, that the person has read this Protective Order and agrees to be bound by its terms.

(b) Within five (5) calendar days after mailing (via overnight delivery) of the information and written acknowledgment described in subparagraph (a), the producing party may object to the person proposed for approval if the producing party has genuine reason to believe that there is a reasonable possibility that the designated person may use information designated "Confidential-Attorneys' Eyes Only" for purposes other than the preparation or trial of this case or that the person proposed is in a competitive position or works for a competitor of the producing party such that they cannot avoid possible use of the protected information. Objections must be based upon a legitimate good faith belief and shall not be made for purposes of delaying approval of said designated person. If an objection is found not to be made in good faith by the court, then the party whom the objection was made shall be entitled to reasonable attorneys' fees and costs. Failure to object within five (5) calendar days to a person proposed shall be deemed approval, but shall but not preclude a producing party from objecting to continued access by that person where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel. Additionally, all expert and rebuttal expert disclosure deadlines shall be tolled pending completion of the approval procedure set forth in this paragraph 9.

(c) If the producing party so objects, the producing and requesting party shall, within seven (7) calendar days from the date of the mailing of notice of objection, confer and attempt to resolve the dispute. At the conference, the producing party shall inform the requesting party of its reasons for objecting to the designated person. If the parties cannot resolve the dispute, or if the conference does not take place, then the producing party may move the Court for an order that access to information designated "Confidential-Attorneys' Eyes Only" be denied to the designated person. The time periods are not to restrict either party from moving for a court order earlier if the circumstances so require.

(d) The parties agree that the information identified above in subparagraph 9(a) in most cases constitutes sufficient information from which to approve said designated person, but a party may seek production of additional information if reasonably necessary to determine whether to approve the design person.

10. All confidential information covered by this order shall be kept in secure facilities at counsel's offices and in no event be taken to or stored on the premises of a party without having first received written permission from the party designating the document confidential, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 6-8 of this Protective Order as persons properly having access thereto under the appropriately designated degree of confidentiality. All counsel for the parties who have access to confidential information under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

11. No party or non-party may file any document containing any information or exhibits designated by another party or non-party as "Confidential" or "Confidential-Attorneys' Eyes Only" within the scope of this Order unless it is filed under seal. No party or non-party may file any document containing any information or exhibits designated by the filing party as "Confidential" or "Confidential-Attorneys' Eyes Only" within the scope of this Order unless the party concurrently or in advance of the filing seeks leave of Court, in accordance with Paragraph 17. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.

12. If any document or information designated to be "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Protective Order is used during the course of a deposition herein, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

13. A party should designate as "Confidential" or "Confidential-Attorneys' Eyes Only" only such information or documents as the party reasonably and in good faith believes require and justify protection under this Protective Order. If, at any time during the pendency or trial of this action, counsel for any party claims that counsel for any other party is unreasonably claiming certain information produced herein to be confidential, objecting counsel may make an appropriate application to this Court, with confidential portions thereof to be kept under seal,

1  requesting that specifically identified documents, information, and/or deposition testimony be
2  excluded from the provisions of this Protective Order or downgraded in terms of the degree of
3  protection provided. Before filing any such application, the party seeking relief shall confer with
4  the other party to determine whether the matter can be resolved by agreement. The materials
5  shall be treated as "Confidential" or "Confidential-Attorneys' Eyes Only", as applicable, pending
6  resolution of the challenge.

7      14.    The pretrial order submitted by the parties in this action shall address the
8  treatment at trial of documents, information or testimony designated "Confidential" or
9  "Confidential-Attorneys' Eyes Only" pursuant to this Protective Order unless the confidentiality
10 of such information has been removed by agreement of counsel or by this Court in accordance
11 with the provisions of this Protective Order.

12     15.    At any hearing relating to this litigation prior to trial before any judicial officer,
13 subject to the rules of evidence and order of the Court, a party may use any "Confidential" or
14 "Confidential-Attorneys' Eyes Only" information or documents for any purpose, provided that
15 adequate prior notice of such use is given to counsel for the opposing party to permit the
16 opposing party the opportunity to obtain appropriate protection from the Court, including a
17 request to the Court that the courtroom be cleared and that the court employees be advised as to
18 the terms of this Protective Order. If any party reasonably anticipates that "Confidential" or
19 "Confidential-Attorneys' Eyes Only" information or documents will be presented in any hearing
20 in this litigation, it may request that the Court close the courtroom during such presentation. If
21 the Court denies any such request, the use of the "Confidential" or "Confidential-Attorneys'
22 Eyes Only" information or documents in court shall not affect its coverage by this Protective
23 Order or constitute a waiver of confidentiality with respect thereto.

24     16.    The terms of this Protective Order shall apply to all manner and means of
25 discovery, including entry onto land or premises and inspection of books, records, documents,
26 and tangible things.

27     17.    Unless otherwise permitted by statute, rule or prior court order, papers filed with
28 the court under seal shall be accompanied by a contemporaneous motion for leave to file those

documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule 10-5(b). Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006). A motion to seal must comply with Local Rule 10-5(b) and other applicable law.

18. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

19. Any witness or other person, firm or entity from whom discovery is sought may be informed of and may obtain the protection of this Protective Order by invoking its protections in writing to the parties' respective counsel or orally at the time of any deposition or similar proceeding.

20. This Protective Order shall be effective on the date entered by the Court.

21. All provisions of this Protective Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Any person to whom materials designated "Confidential" or "Confidential-Attorneys' Eyes Only" are disclosed shall be subject to the jurisdiction of the Court for purposes of determining, assuring, and adjudging such person's compliance with this Order. This jurisdiction shall survive the termination of this litigation. Any party or person subject to this Order who is adjudicated by the Court to have violated the provisions of this Agreement may – at the sole discretion of the Court - be subject to sanctions imposed by the Court pursuant to Fed. R. Civ. P. 37, which may include monetary sanctions, and other sanctions. Upon conclusion of the litigation, a party in the possession of Confidential information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or nonparty who provided such information, or (b) destroy such documents within

1  the time period upon consent of the party who provided the information and certify in writing

2  within thirty (30) days that the documents have been destroyed.

3  **IT IS SO STIPULATED:**

4  Dated this 24th day of November, 2014.          Dated this 24th day of November, 2014.

6  By: /s/ Matthew D. Francis                                By: /s/ Deanna C. Brinkerhoff
       Matthew D. Francis, Esq.                                    Anthony L. Hall, Esq.
       Nevada Bar No. 6978                                         Nevada Bar No. 5977
7      Arthur A. Zorio, Esq.                                       Deanna C. Brinkerhoff, Esq.
       Nevada Bar No. 6547                                         Nevada Bar No. 11066
8      WATSON ROUNDS                                               HOLLAND & HART LLP
       5371 Kietzke Lane                                           5441 Kietzke Lane, Second Floor
9      Reno, Nevada 89511                                          Reno, Nevada 89511
       Telephone: 775-324-4100                                     Telephone: 775-327-3000
10     Facsimile: 775-333-8171                                     Facsimile: 775-786-6179

11     Attorneys for Plaintiff                                     Attorneys for Defendants

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: December 2, 2014

Attachment A

NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Stewart v. Soundmatters International, Inc., et al.*, United States District Court for the District of Nevada, Case No.: 3:14-CV-00239-LRH-VPC and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this order.

Dated:_____          Signed:_____

## CERTIFICATE OF SERVICE

Pursuant to **FRCP 5(b)**, I certify that I am an employee of WATSON ROUNDS, P.C., and on this 25th day of November, 2014, I served the document entitled [PROPOSED] STIPULATED PROTECTIVE ORDER, on the parties listed below via the following:

Anthony L. Hall, Esq.
ahall@hollandhart.com
Deanna C. Brinkerhoff, Esq.
dcbrinkerhoff@hollandhart.com
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Facsimile: (775) 786-6179

☐ **VIA FIRST CLASS U.S. MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Reno, Nevada for delivery to the foregoing.

☐ **VIA FACSIMILE:** by transmitting to a facsimile machine maintained by the person on whom it is served at the facsimile machine telephone number as last given by that person on any document which he/she has filed in the cause and served on the party making the service. The copy of the document served by the facsimile transmission bears a notation of the date and place of transmission and the facsimile telephone number to which it was transmitted.

☐ **BY PERSONAL SERVICE:** by personally hand-delivering or causing to be hand delivered by such designated individual whose particular duties include delivery of such on behalf of the firm, addressed to the individual(s) listed, signed by such individual or his/her representative accepting on his/her behalf.

☐ **VIA COURIER:** by delivering a copy of the document to a courier service for overnight delivery to the foregoing parties.

☒ **VIA ELECTRONIC SERVICE:** by electronically filing the document with the Clerk of the Court using the ECF system which served the foregoing parties electronically.

/s/ *Nancy Lindsley*
Employee of Watson Rounds, P.C.

-11-